
FILED
February 16, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002420882

RICHARD A. HALL (SBN 135483)
**BOTTOMLINE LAWYERS**
985 Lincoln Way, Suite 206
Auburn, California 95603
Telephone: (530) 888-7100
Facsimile: (866) 305-1238

Attorneys for Debtor
NIKOLAY MASLYANKA dba NIKOLAY MASLYANKA TRUCKING

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re:  ) CASE NO. 09-48624- C-7
 )
NIKOLAY MASLYANKA dba ) DC NO.: RAH-001
NIKOLAY MASLYANKA )
TRUCKING, ) DEBTOR NIKOLAY MASLYANKA's
 ) MOTION FOR ORDER FOR
Debtor. ) ABANDONMENT
 )
 ) DATE: March 9, 2010
 ) TIME: 9:30 a.m.
 ) PLACE: U.S. Bankruptcy Court
 ) Courtroom 35
 ) Department C
 ) 501 I Street
_____ ) Sacramento, California

Debtor, Nikolay Maslyanka dba Nikolay Maslyanka Trucking, through his attorneys of record, Richard A. Hall, of Bottomline Lawyers, hereby moves this Court for an order for abandonment of the bankruptcy estate's interest in Nikolay Maslyanka Trucking and in the 2006 Freightliner Coronado.

This motion is based on the facts which follow. The debtor filed a Chapter 7 petition in bankruptcy on December 30, 2009. Among the assets are debtor's business, Nikolay Maslyanka Trucking; and he also scheduled an interest in a 2006 Freightliner Coronado. The debtor has no equity in the business, and valued the freightliner at $30,000; $29,050 of which is a secured claim held by Ukranian Federal Credit.

A creditor's meeting was held on February 9, 2010, and the trustee filed a report of no distribution. The trustee has not indicated that either Nikolay Maslyanka Trucking or the 2006 Freightliner Coronado are a target of any liquidation efforts on the part of the Bankruptcy Estate. The trustee has not challenged the debtor's assertion of value or debts regarding either Nikolay Maslyanka Trucking or the 2006 Freightliner Coronado.

I hereby certify that I have read the foregoing motion for order for abandonment of the bankruptcy estate's interest in Nikolay Maslyanka Trucking and the 2006 Freightliner Coronado and further certify that the contents therein are true and correct to the best of my knowledge and belief. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 16th day of February 2010, at Auburn, California.

/s/ RICHARD A. HALL
RICHARD A. HALL

**MEMORANDUM OF POINTS AND AUTHORITIES**

**ARGUMENT**

**BOTH NIKOLAY MASLYANKA TRUCKING AND THE 2006 FREIGHTLINER CORONADO ARE OF INCONSEQUENTIAL VALUE TO THE BANKRUPTCY ESTATE.**

Property may be abandoned from the bankruptcy estate in one of three ways: upon notice by the case trustee, 11 U.S.C. § 554(a), upon motion by a party in interest and order, 11 U.S.C. § 554(b), or upon closing. 11 U.S.C. § 554(c). Property may be abandoned only if it is (1) burdensome to the bankruptcy estate or (2) of inconsequential value to the bankruptcy estate. 11 U.S.C. § 554(a).

The debtor asserts that Nikolay Masylanka Trucking and the 2006 Freightliner Coronado are both of inconsequential value to the bankruptcy estate, as is evidenced by the chapter 7 bankruptcy filing. See "Declaration of Nikolay Maslyanka, etc." and "Exhibit," filed concurrently herewith, titled "Schedule B-Personal Property," and Schedule D-Creditors Holding Secured Claims. Because the property is of inconsequential value to the bankruptcy estate, therefore, the

property may be abandoned from the bankruptcy estate.

Additionally, the Court need not consider speculative factors when determining whether abandonment is appropriate under Section 554(b) of the Bankruptcy Code. Vu v. Kendall (In re Vu), 245 B.R. 644, 649 (B.A.P. 9th Cir. 2000). The Bankruptcy Court cannot be expected to deny the debtor's request for abandonment on the basis of a speculative scenario which may or may not occur in the future. Vu v. Kendall (In re Vu), 245 B.R. 644, 649 (B.A.P. 9th Cir. 2000). Otherwise, trustees could certainly invent a scenario under which virtually all property could become valuable in the future and thereby defeat any motion to compel abandonment. The Court can only consider the evidence before it. In this instance, no concrete evidence of value to the bankruptcy estate is presented.

## CONCLUSION

Based on the facts and authorities stated above, the debtor respectfully requests this Court enter an order for abandonment of the bankruptcy estate's interest in Nikolay Maslyanka Trucking and the 2006 Freightliner Coronado.

DATED: February 16, 2010.

**BOTTOMLINE LAWYERS**

By: /s/ RICHARD A. HALL
RICHARD A. HALL
Attorneys for Debtor
NIKOLAY MASLYANKA dba NIKOLAY
 MASLYANKA TRUCKING